UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MARCUS RESCH #304507,

    Plaintiff,                                  Hon. Sally J. Berens

v.                                              Case No. 1:21-cv-967

TODD LAMBART, et al.,

    Defendants.
_____/

**OPINION**

This matter is before the Court on remaining Defendant April Allenbaugh's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). (ECF No. 65.) Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). For the reasons that follow, the Court will **GRANT** the motion and **dismiss** Plaintiff's claims against Defendant Allenbaugh **with prejudice**.

**I. Background**

Plaintiff filed his complaint in this action on November 15, 2021, while he was a prisoner incarcerated with the Michigan Department of Corrections (MDOC). Plaintiff was released on parole by the MDOC on June 6, 2023, and is shown on the docket report as currently residing in Ypsilanti, Michigan. (ECF Nos. 62 and 66-2.) Plaintiff's claims were based on events that occurred at the Carson City Correctional Facility between September and December 2019 while he was housed at that facility. Plaintiff's remaining claims under 42 U.S.C. § 1983 are that Defendant Allenbaugh was deliberately indifferent to Plaintiff's serious medical need on December 3, 2019, and that she retaliated against him on that date by failing to treat him. Plaintiff also alleges a state-law malpractice claim against Defendant Allenbaugh for failing to treat him on December 3, 2019.

1

On October 3, 2023, defense counsel served a Notice of Deposition on Plaintiff with Zoom link information, to be held on October 17, 2023. (ECF No. 64.) Counsel appeared on the record to depose Plaintiff at the time set for the deposition on October 17, 2023, but Plaintiff did not appear. (ECF No. 66-3.) On October 27, 2023, defense counsel sent Plaintiff correspondence noting that Plaintiff failed to appear for his deposition and stating that, if Plaintiff was no longer interested in pursuing the case, counsel would file a motion to dismiss. (ECF No. 66-4.) Defendant filed the instant motion after Plaintiff failed to contact defense counsel by the November 1, 2023 deadline set forth in the correspondence.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may impose sanctions for a party's failure to attend his own deposition. Potential sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi), up to and including dismissal of the action. Fed. R. Civ. P. 37(d)(3). provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In general, before dismissing an action under either rule, a court must consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (applying factors in Rule 41(b) context); *see also United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (noting that the same four factors are considered under both Rule 37(b)(2) and Rule 41(b)).

The Sixth Circuit has upheld dismissal under Rules 37 and 41(b) in the precise circumstances presented here: a party's willful refusal to attend his own deposition. *See Woodson v. Morris*, No. 94-6608, 1995 WL 692543 (6th Cir. Nov. 17, 1995). The court stated:

> Upon review, we conclude that the district court did not abuse its discretion in dismissing the case as a sanction for Woodson's failure to attend his deposition. *See Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir.1994). Although Woodson had adequate advance notice of the date of the deposition, he still refused to participate in the deposition. In light of this willful refusal to attend the deposition, the district court properly sanctioned Woodson by dismissing his case. *See Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993) (clear record of delay and contumacious conduct sufficiently supports sanction of dismissal).

*Id.* at *1; *see also Voit v. Jefferson Cnty. Sheriff's Dep't*, 31 F. App'x 189, 190–91 (6th Cir. 2002) (finding dismissal appropriate after the plaintiff failed to attend his ordered deposition).

While Plaintiff was not ordered to attend his deposition, his failure to attend his noticed deposition, as well as his failure to respond to defense counsel's correspondence inquiring whether Plaintiff intended to continue pursuing the case, satisfies the four factors cited above. First, it is clear that Plaintiff's failure to attend his deposition was due to willfulness rather than a misunderstanding or circumstances beyond Plaintiff's control. Plaintiff never contacted defense counsel because he could not attend the deposition or because he needed to reschedule. He also failed to respond to counsel's letter, and he has not responded to the instant motion, clearly indicating that he has no interest in prosecuting this action. Second, Defendant is prejudiced because she was "required to waste time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide." *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (internal quotation marks omitted*).* Third, although the Court had not previously warned Plaintiff that his failure to attend his deposition could lead to dismissal, he certainly knew his failure to respond to counsel's letter and subsequent motion could result in dismissal. Moreover, Plaintiff has recently had another case in this district dismissed pursuant to Rules 37(d) and 41(b)

under the same circumstances. *See Resch v. Rink*, No. 2:21-cv-227, , at *2 (W.D. Mich. Oct. 26, 2023), *report and recommendation adopted*, 2023 WL 8020905 (W.D. Mich. Nov. 20, 2023) ("Although the Court did not warn Resch that the case could be dismissed if he failed to attend his deposition, Resch's conduct in this case shows willful bad faith. Resch abandoned the prosecution of this case by failing to attend his deposition, failing to respond to defense counsel, and by failing to respond to this motion or otherwise take any action indicating that he intends to prosecute this case."). Finally, given Plaintiff's lack of effort and interest in prosecuting this case, it is clear that less drastic sanctions will not address Plaintiff's willful and bad faith conduct.

Accordingly, dismissal of this action is an appropriate sanction. Finally, Defendant requests that the Court order Plaintiff to pay the $320.85 court reporter's charge that Defendant incurred for arranging and attending Plaintiff's deposition. (ECF No, 66-5.) The Court finds that imposing that charge on Plaintiff for his failure to appear is both reasonable and proper.

### III.  Conclusion

For the foregoing reasons, the Court will grant Defendant Allenbaugh's Motion to Dismiss (ECF No. 65) and dismiss this action with prejudice.

An Order consistent with this Opinion will enter.

Dated: December 27, 2023                                 /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge